Bonnie A. Freeman, Esq. (SB 180502)
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA 95402-3729
Telephone: 707-526-4250
Facsimile: 707-526-0347

Attorneys for Defendants County of Sonoma (erroneously sued as Sonoma County Jail) and C.O. Crook

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY KRAH, | No. C 08-0038 WHA (PR) |
| Plaintiff, | **DEFENDANTS COUNTY OF SONOMA AND C.O. CROOK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** [Unenumerated] |
| v. | |
| DEPUTY CROOK, SONOMA COUNTY JAIL | |
| Defendant. | |

Defendants County of Sonoma (erroneously sued as Sonoma County Jail) and Matt Crook (sued herein as "Crook") respectfully submit this memorandum of points and authorities in support of their unenumerated motion to dismiss the complaint of plaintiff Charles Anthony Krah. As set forth below, dismissal is appropriate due to plaintiff's failure to exhaust administrative remedies with the alleged offending agency prior to bringing his civil suit.

## INTRODUCTION

On February 8, 2008, this Court issued an Order for Service of the pro per complaint filed by plaintiff on or about January 4, 2008, in which it was alleged that on July 31, 2007, C.O. Crook attacked plaintiff (a 77 year-old man) for no reason and without provocation, causing him injuries to his legs, wrists and face. Plaintiff admits in his complaint that he did not exhaust administrative remedies.

The Order for Service required the defendant to file either a summary judgment motion or an unenumerated motion to dismiss if, in fact, the plaintiff did fail to exhaust administrative remedies, no

1  later than sixty days after service of the Order, or April 18, 2008. Defendant files this motion accordingly.

## LEGAL ARGUMENT

Prior to bringing suit for injuries (constitutional or otherwise) allegedly caused during confinement in any jail, prison or other correctional facility, plaintiff is required to exhaust all administrative remedies available, or the suit may be subject to dismissal. (42 U.S.C. §1997e(a). Compliance with the exhaustion requirement is required, and non-exhaustion under §1997e is an affirmative defense to the prisoner's suit. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The defendant has the burden of proving the absence of exhaustion, and it should be raised in an unenumerated 12(b) motion to dismiss. *Id.* The Court may look beyond the pleadings and decide disputed issues of fact in such a motion. *See, Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988). The Court may also take judicial notice of matters of public record, or of records of state agencies which are not subject to reasonable dispute. *Untied States v. Perez-Corona*, 295 F.3d 996, 1001 n. 4 (9th Cir. 2002).

If the Court decides that a prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice of the complaint. *Wyatt v. Terhune, supra*, 315 F.3d at 1120. Here, the plaintiff failed to exhaust the administrative remedies required by the alleged offending institution, the Sonoma County Jail. Inmates in the jail who wish to raise a complaint (such as that described in plaintiff's complaint and its attachments) are required to do so as follows:

Grievance Procedure: An inmate must file a formal grievance within three (3) days of the date of complaint by filling out an Inmate Grievance Form (Toby Decl., Exh. A) and submitting it to any shift officer. The grievance must be acted upon and responded to within one (1) working day of its submission. (Id.)

If the grievance is denied, then the inmate has two (2) days in which to sign and date the form in the area entitled "Step II" and return the form to a supervising sergeant. The sergeant has two (2) working days to review the response provided by the original reviewing officer. The response of the supervisor is also provided in writing to the inmate. (Id.)

Once the inmate has exhausted Steps I and II of the procedure and if the inmate still does not agree with the responses provided, the inmate must complete Step III by signing and submitting the form

to the Disciplinary/Grievance Officer. As set forth in Exhibits A and D of Michael Toby's Declaration, the last step of the formal grievance process is an appeal. Once all steps are exhausted. and if the inmate is still dissatisfied, the inmate "may pursue the matter in the courts." (Toby decl., Exh. A, Side 2 "Formal Grievance - Appeal.")

Although plaintiff had a formal grievance system available to him, he did not file a grievance relating to the claim at issue here, namely the alleged attack upon him by a correctional officer.[1] Plaintiff's complaint makes reference to a "complaint" he made to the District Attorney and includes a letter he allegedly sent to the Board of Supervisors; however, neither of these constitutes compliance with the formal grievance procedure. The procedure is referenced in the Inmate Handbook provided to all inmates upon housing. (Toby decl., Exh. C.)

Plaintiff's allegation that he was somehow exempt from the exhaustion requirements because of "futility" (i.e., that the Sonoma County Sheriff's Department, according to him, would be investigating his claim) is not supported by any authority known to the defendant. It would be true in any formal grievance procedure within a correctional institution that the claim would be investigated by persons within the agency itself; plaintiff's claim of exemption would apply to every prisoner who does not comply with the formal grievance procedures available to him/her, and would render the PLRA a nullity.

It is respectfully requested that plaintiff Charles Anthony Krah's complaint be dismissed. His failure to exhaust administrative remedies prior to filing suit is a fatal defect to his pursuit.

DATED:    April 16, 2008                    SENNEFF FREEMAN & BLUESTONE, LLP

By _____
Bonnie A. Freeman
Attorneys for County Defendants

---

[1] Mr. Krah did submit an Inmate <u>Request</u> Form during the three-day period of the incident described in his complaint. (Toby decl., Exh. B.) However, an Inmate Request Form is <u>not</u> a proper form to lodge a formal grievance, and in this case, the request form had nothing to do with the incident described in the complaint. (Id.)

SENNEFF FREEMAN BLUESTONE

NO. C 08-0038:   Defendants' Memo of Points & Auth. in Support of Motion for Dismissal of Complaint        3

PROOF OF SERVICE

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404. On April 16, 2008, I served the following document(s):

**DEFENDANTS COUNTY OF SONOMA AND C.O. CROOK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**
**[Unenumerated]**

by placing a true copy thereof enclosed is a sealed envelope and served in the manner described below to:

*Plaintiff:*
Charles A. Krah
Coalinga State Hospital
Unit #10
P.O. Box 5003
Coalinga, CA 93210-5003

   X   **BY U.S. MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated and sent via first class mail to each individual stated below. I am readily familiar with Senneff Freeman & Bluestone's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

   ____ **BY HAND DELIVERY:** I caused such document to be delivered by hand to Mr. Gwire while in attendance at deposition at 50 Old Courthouse Sq., Ste. 401, Santa Rosa, CA 95404.

   ____ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated.

   ____ **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Santa Rosa, California, on the date set forth above.

_____
Tracy Kecskemeti