1  CHARLES ANTHONY KRAH
   CO-000666-8, Unit MA-2
2  24511 West Jayne Avenue
   Post Office Box 5003
3  Coalinga, CA 93210-5003
   Telephones: (559) 934-0396
4                 (559) 934-0894

5  Plaintiff, *pro se*

FILED

08 JUN 12 PM 2: 11

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY KRAH,<br><br>               Plaintiff,<br><br>vs.<br><br>DEPUTY CROOK, SONOMA COUNTY JAIL,<br><br>               Defendants. | No. C 08-0038 WHA (PR)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT [Unenumerated]** |

*TO THE HONORABLE WILLIAM H. ALSUP, UNITED STATES DISTRICT JUDGE; AND TO BONNIE A. FREEMAN, ESQ., COUNSEL FOR DEFENDANTS COUNTY OF SONOMA AND C/O CROOK:*

    Plaintiff CHARLES ANTHONY KRAH (hereinafter "plaintiff") respectfully files and serves his opposition to defendant's Motion to Dismiss the Complaint (hereinafter "Motion").

    This opposition is based on the grounds that the Prison Litigation Reform Act, specifically Title 42, United States Code, § 1997e, does not apply to plaintiff, as plaintiff is not a "prisoner" under that Act.

//

//

//

Plaintiff's Opposition to Defendants'
Motion to Dismiss the Complaint       - 1 -

1 | This opposition is based upon this notice, the records and files of this case, the
2 | attached memorandum of points and authorities, and any other evidence as may properly
3 | come before the Court.
4 | DATED: June 9, 2008

Respectfully submitted,

*[signature: Charles A. Krah]*

CHARLES A. KRAH
Plaintiff, *pro se*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff CHARLES ANTHONY KRAH (hereinafter "plaintiff") is a person detained under civil process by the State of California, currently at Coalinga State Hospital, without criminal charges.

As a direct and proximate result, plaintiff is not a "prisoner" within the meaning of the Prison Litigation Reform Act ("PLRA"), and, therefore, defendants' motion to dismiss for plaintiff's failure to comply with the PLRA must be denied.

## ARGUMENT

### I

### PLAINTIFF IS NOT A "PRISONER,"

In order for the Prison Litigation Reform Act to apply to a person in custody, that person must be in custody as the result of the commission of a criminal offense. According to the United States Court of Appeal for the Ninth Circuit in *Page v. Torrey* (9th Cir. 2000) 201 F.3d 1136,—

> The definition of "prisoner" for the purposes of these provisions of the PLRA is explicit:
>
> As used in this section [28 U.S.C. § 1915], the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

(*Page v. Torrey, supra,* 201 F.3d at 1139.)

Plaintiff is not a person "accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Only individuals "only individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are "prisoners" within the definition of 42 U.S.C. § 1997e and 28 U.S.C. § 1915. [The PLRA]" (*Id.,* 201 F.3d at 1140.

1       Plaintiff, therefore, does not fall under the purview of the PLRA and is not required to exhaust administrative remedies prior to the filing of the instant action. The *Page* court held —

> Accordingly, we hold that neither the PLRA's requirement that prisoner-plaintiffs seeking to proceed *in forma pauperis* must provide copies of prisoner trust fund account statements, nor the PLRA's requirement that prisoners seeking to file civil actions regarding prison conditions must exhaust available administrative remedies, applies to Page[, who is detained under civil process].

(*Id.*, at 1140.)

## II

## DEFENDANTS CANNOT HAVE IT BOTH WAYS: EITHER PLAINTIFF IS A "PRISONER" RECEIVING *EX POST FACTO* PUNISHMENT, OR HE IS DETAINED UNDER CIVIL PROCESS AND NOT RESTRICTED AS A "PRISONER.:

      The Ninth Circuit court tackled the subject of persons, such as plaintiff, detained under civil process, in *Jones v. Blanas* (9th Cir. 2004) 393 F.3d 918, and held —

> Nor does the status of the sexually violent predator as one who has *previously* been convicted of crime limit the rights of one detained under the SVPA. *See Robinson v. California*, 370 U.S. 660, 666-67, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (holding unconstitutional the conviction and punishment of an individual based on his "status"). In upholding the SVPA against challenge under the Ex Post Facto Clause, the California Supreme Court (following the United States Supreme Court) has stressed the civil nature of sexually violent predator commitment. *See Hubbart v. Superior Court*, 19 Cal.4th 1138, 81 Cal.Rptr.2d 492, 512-18, 969 P.2d 584, 605-611 (1999). In particular, the California Supreme Court noted that "[t]he Legislature ... made clear that, despite their criminal record, persons eligible for commitment and treatment as SVP's are to be viewed 'not as criminals, but as sick persons.' " *Id.* 81 Cal.Rptr.2d at 513, 969 P.3d at 606 (citing Cal. Welf. & Inst. Code § 6250). <u>The state cannot have it both ways.</u> If the confinement of a sexually violent predator is civil for the purposes of evaluation under the Ex Post Facto Clause, that confinement is civil for the purposes of determining the rights to which the detainee is entitled while confined. <u>Civil status means civil status, with all the Fourteenth Amendment rights that accompany it.</u>

(*Jones v. Blanas, supra,* 393 F.3d at 933; italics in *Jones,* underlining emphasis added by plaintiff.)

Plaintiff's Opposition to Defendants'
Motion to Dismiss the Complaint      - 4 -

Therefore, defendants should be admonished that plaintiff is to be treated as any other litigant, and that his status as a "civil detainee" does not affect his action.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismissed is misplaced and without any authority. The defendants' motion to dismiss must be denied.

The undersigned declares under penalty of perjury that the foregoing is true and correct.

DATED: June 9, 2008

Respectfully submitted,

*Charles A. Krah*

CHARLES ANTHONY KRAH
Plaintiff, *pro se*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

\* \*   *Certificate of Service by Mail*   \* \*

Case Name:   <u>*Krah v. Crook, et al.*</u>

Case Number:   C 08-0038 WHA (PR)

\* \* \* \* \* \* \*

I am over the age of eighteen years and not a party to this action.

On June 9, 2008, I served the attached

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

by placing a true and correct copy thereof into a sealed envelope with postage fully prepaid and affixed thereon into the United States Mail at Coalinga (Fresno County), California, addressed as follows:

BONNIE A. FREEMAN, ESQ. (SBN 180502)
SENNEFF FREEMAN & BLUESTONE, L.L.P.
50 Old Courthouse Square, Suite 401
Post Office Box 3729
Santa Rosa, CA  95402-3729

This *Certificate of Service by Mail* is made pursuant to Rule 5 of the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: June 9, 2008

_____Mark S. Sokolsky_____
*Printed Name*                              *Signature*